# IN THE MATTER OF JOSÉ VILLA ESPITERY,
## Bankrupt.

---

San Juan, Bankruptcy, No. 83.

### ATTORNEYS' FEES IN BANKRUPTCY.

Bankruptcy—Payment of Fees.

    1. The order found in Collier on Bankruptcy relative to paying fees at the end of the bankruptcy proceeding is not one required by the bankruptcy law.

Bankruptcy Law—Fees at End of Case.

    2. An attorney's fee is allowed in proportion to the benefit to the estate, not in proportion necessarily to the exertions of the attorney, and therefore should not be allowed in full until it is certain what is the result of the service to the estate.

Attorneys' Fees—Appeal to the Supreme Court.

    3. Where a case is appealed it cannot be known whether the amount recovered below will be sustained or not, and therefore it is impossible to tell the amount of fee which should go to the attorney.

---

NOTE.—As to allowance of attorneys' fees in bankruptcy cases, see note in 54 L.R.A. 826.

In the Matter of Espitery.

It is the duty of the parties to know what proceedings are had before the referee.

Attorneys' Fees—Part Payment.

4. A referee may under some circumstances authorize the payment of part of an attorney's fee before the end of a case. Postponement to the end of a case may dull the edge of energy.

Opinion filed May 21, 1914.

*Mr. Henry G. Molina* for petitioner.

*Messrs. Savage & Francis* for creditors.

*Mr. Salvador Suau,* referee, *pro se.*

HAMILTON, Judge, delivered the following opinion:

This case comes up on petition for a review of an order of the referee refusing allowance of claim of Henry G. Molina for his professional services rendered as attorney for the trustee in the case of the trustee versus Calderón. It seems that an order was made by the referee at an early period of the administration, not, as in the Collier form, appointing Mr. Molina attorney for the trustee, but authorizing the trustee to appoint Mr. Molina as his attorney. That is the only difference I observe between the form and the order entered. The order is evidently based upon the form. There seems to be a difference of recollection as to how the action came about. That is a matter, though, that the court need not enter into. There is no question that the statements on each side are made with perfect honesty and according to the recollection of the parties.

In the Matter of Espitery.

1. The contention is made that that order was not necessary, and that the last part as to payment of fees at the end of the case is void; that the referee was not authorized to make such a limitation. Attention was called to the fact that this was not among the forms prescribed by the general orders of the Supreme Court, but a voluntary form drawn possibly by Mr. Collier, certainly in his book.

2. The theory of the order seems to the court to be correct, that is to say, that attorneys' fees should not be paid in full until it is certain what is the result of the service to the estate. It is possible that an attorney may render great services and render them with all the devotion an attorney can give to his case, and yet there not be enough funds in the administration to pay a full fee. As I understand the proper practice, a fee is allowed in proportion to the benefit to the estate, not proportioned necessarily to the exertions of the attorney.

3. How would that work out in this case? The amount claimed, $500, does not seem to be unreasonable, if it can be properly paid at this time. Here is a case which was hard fought, and is now in some form sought to be taken to the Supreme Court of the United States. If that should be successfully done and that court should reverse this court, there would be no benefit to the estate; there would not be a cent more in the hands of the trustee than there was before, in fact, somewhat less because the expenses would have to be met in some shape. So it looks as if the theory of the order is not incorrect, so far as relates to matters which are undisposed of. If there be a case—and it may have been so in the Sola Case, I do not know about that—where money has been finally recovered, and there is no question of any appeal or change of the result,

In the Matter of Espitery.

where the money is forever a part of the estate, that kind of
an order would appear to be unnecessary.  As a rule it would
seem as if the theory of the order is correct, that as to open
matters there can be no final payment for services until they
are disposed of.  That seems to be only right.  It, of course,
is questionable whether such an order should be entered abso-
lutely in the case because there may be matters which are
settled in the course of the case.  Where the order is broad
enough to postpone everything, whether settled or not settled,
the court questions the propriety of such an order in the way
in which it is expressed.  It will not go so far as to say that
the order is of that character.  The theory of it, as I said before,
may possibly be correct.  The matter of appeal I will not enter
into.  What is done before the referee is the same as if done be-
fore this court, except where there is a petition filed for review,
and it is the business of parties to a bankruptcy suit to keep
posted as to what is put on the docket or order book, or whatever
minutes are kept by the referee.  There is no way of avoiding
that duty.  A rule which has just been adopted will possibly
make that easier.  Thirty days are allowed for an appeal from
all orders, and, that point being now definitely known, there
will possibly be no trouble in the future.

4. As to the order, the court is inclined to construe it this
way, that the amount and payment of the fees cannot be com-
pelled until the end of the administration or last meeting of
creditors, so far as relates to anything that is open, anything
which is not finally adjusted.  It would be perfectly proper
for the order to be upheld in all respects in such cases, and, not
being appealed from, it may be binding in all cases, but I am

In the Matter of Espitery.

going to construe the order in a way which I think will do justice in this particular case.

The order says in effect that the amount cannot be liquidated and payment cannot be compelled until the last meeting of the creditors. I will construe this form as meaning that it does not prevent a payment on account meantime, if the referee thinks that the condition of the estate will admit of a payment on account. The referee is the only one who can decide that, because, while there are $2,000 in the trustee's hands, the court cannot possibly tell what liens there may be, or anything about the situation. It simply knows the bare fact that so much money is there at present.

The court will do this,—it will grant the petition for review to the extent of directing the referee to ascertain what would be a proper fee for this particular case which is spoken of, and if in his judgment the condition of the estate admits of it, for him to order the payment of not less than half that amount on account. The rest of it will come up after the appeal has been settled in the Supreme Court one way or the other. I think that is as close as I can come to doing justice to both sides. It is a difficult proposition, but I am taking a middle course, and I think it is about right.

It is not right to expect attorneys to go through litigation of this character, which the court happens to know of judicially, without any compensation for years. If nothing is paid at all in cash in cases of this sort, it dulls the edge of energy, and the result would be that the matter of recovering assets for the estate would not be properly worked up. And the court thinks that in a case like this there should be something paid on account, but the amount is at the discretion very largely of the

In the Matter of Espitery.

referee, subject always to review if the discretion is not properly exercised.

So this petition is granted without any reflection upon the referee at all, with instructions to pursue the above course. Of course, if he does not do what the parties think the state of the trust justifies, that is another matter. There are thirty days for an appeal in a case of that sort.